**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEVON THOMPSON,**

    **Plaintiff,**

                            **CASE NO.:**

**v.**

                            **DIVISION:**

**OLDCASTLE SERVICES, INC.**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Devon Thompson, by and through undersigned counsel, brings this action against Defendant, Oldcastle Services, Inc., and in support states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates as a manufacturer and supplier of concrete masonry, dry mix, and hardscape products in Tampa, Florida, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a delivery driver in November 2017, and he worked in this capacity until June 2019.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Defendant only paid Plaintiff a flat rate per load of hardscape products within a sixty (60) mile radius but paid a mileage rate for deliveries beyond the sixty mile radius.

20. Defendant only paid Plaintiff $10.00 per hour for "downtime" for which he suffered or was permitted to work by Defendant within the meaning of the FLSA.

21. Defendant required Plaintiff to clock in at the beginning of his workday and clock out at the end of his workday, however Defendant changed those times.

22. Defendant failed to maintain timekeeping records of Plaintiff's hours that he worked for Defendant.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

25. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of January, 2019.

        Respectfully submitted,

        /s/ Brandon J. Hill
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: 813-337-7992
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: jcornell@wfclaw.com
        Email: rcooke@wfclaw.com

        **Attorneys for Plaintiff**